UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENITO LOPEZ,<br><br>              Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>              Defendant. | Case No. ED CV 14-646-PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). He claims that the Administrative Law Judge ("ALJ") erred when he accepted the vocational expert's testimony that Plaintiff could work as a cleaner, hand packager, and warehouse worker. For the reasons explained below, the ALJ's decision is affirmed.

## II. SUMMARY OF PROCEEDINGS

In March 2011, Plaintiff applied for DIB and SSI, claiming that he was disabled as of December 2008, due to diabetes, diabetic retinopathy, and knee pain. (Administrative Record ("AR") 32-37, 143-

54, 161, 172, 175-82, 198.)  His applications were denied initially and on reconsideration and he requested and was granted a hearing before an ALJ.  Plaintiff appeared with counsel at the hearing and testified.  (AR 26-42.)  The ALJ subsequently denied his applications.  (AR 14-21.)  Plaintiff appealed to the Appeals Council, which denied review.  (AR 1-6.)  This action followed.

## III. DISCUSSION

The ALJ determined that Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels provided that the work did not involve "precise vision" or "concentrated exposure to hazards such as machinery and heights." (AR 17.)  The vocational expert testified that, despite these limitations, Plaintiff could perform the jobs of warehouse worker, hand packager, and cleaner.  (AR 38-39.)  The ALJ agreed and found that, as a result, Plaintiff was not disabled.  Plaintiff contends that the ALJ erred in doing so because all three jobs require him to perform tasks that he cannot perform.  This argument is rejected.

Plaintiff contends that he cannot perform the job of hand packager because it requires the use of a conveyor belt, which he characterizes as hazardous machinery.  (Joint Stip. at 6.)  The Court disagrees with that characterization.  A conveyor belt is not a hazardous machine.  *See Phonn v. Astrue*, 2010 WL 2850768, at *3 (C.D. Cal. July 20, 2010); and *Malgra v. Astrue*, 2012 WL 443741, at *6 (C.D. Cal. Feb. 10, 2012).  Though the Court would not quibble with Plaintiff's argument that a conveyor belt is a machine, it would not agree that it is hazardous.  Further, even if there was some doubt as to whether it was, the vocational expert testified that his opinion was consistent with the Dictionary of Occupational Titles ("DOT") (AR

41), and the ALJ was entitled to rely on that testimony. *See Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

According to the vocational expert there are 165,000 hand packager jobs in the country and 16,000 locally. (AR 39.) This is a sufficient number of positions to support the ALJ's finding that there were enough jobs in the economy to conclude that Plaintiff was not disabled. *See, e.g., Moncada v. Chater*, 60 F.3d 521, 524 (9th Cir. 1995) (finding 64,000 nationwide and 2,300 jobs in county sufficient to support ALJ's finding that claimant was not disabled). As such, the ALJ's decision is affirmed.[1]

---

[1] Plaintiff contends that he cannot work as a warehouse worker because that job requires "precise vision" to read production schedules, customer orders, etc., which he is not capable of doing. (Joint Stip. at 5-6.) It is unclear what the ALJ meant when he restricted Plaintiff from jobs requiring "precise vision." He never defined that term. (AR 38.) And it is not found in the DOT or in the Social Security regulations. The vocational expert seemed to define it as the equivalent of reading a newspaper and the ALJ did not disagree. (AR 38 (explaining Plaintiff's sight restriction did not impact ability to perform prior job as dry waller because vision requirement was not "*real precise* like reading a newspaper or doing . . . electronics . . . .") (emphasis added).) Assuming that that is what the ALJ meant by "precise vision," Plaintiff would probably not be able to perform the job of warehouse worker because of the reading requirement.

Plaintiff also contends that he cannot perform the job of cleaner because he could be called upon to operate an industrial truck, which the DOT defines as a truck equipped with lifting devices "such as forklift, boom, scoop, lift beam and swivel-hook, fork-grapple, clamps, elevating platform, or trailer hitch" used to push, pull, lift, stack, and/or move products in and around a warehouse, storage yard, or factory. DOT 921.683-050. This seems to be inconsistent with the ALJ's restriction on concentrated exposure to hazardous machinery, though the Court need not and does not resolve this issue, either.

## IV. CONCLUSION

For the reasons set forth above, the Agency's decision is affirmed and the case is dismissed with prejudice.

IT IS SO ORDERED.

DATED: March 31, 2015.

*Patrick J. Walsh*
_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\LOPEZ, BENITO 14-646\Memo Opinion and Order.wpd